# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 18-4188

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LECEPHRUS PIERCE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:17-cr-00256-RBH-1)

Submitted: October 30, 2018                    Decided: November 19, 2018

Before KEENAN and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

M.W. Cockrell, III, Sarah C. Campbell, Chesterfield, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Brook Bowers Andrews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lecephrus Pierce pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and using or possessing a firearm during or in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). The district court sentenced him to 79 months in prison. Pierce appeals the district court's denial of his motion to suppress the evidence of his offenses, obtained after a traffic stop. We affirm.

Myrtle Beach (South Carolina) Police Department Officers Michael Householder and Chris Tyndall stopped Pierce as he was driving on June 16, 2016. In his motion to suppress, Pierce argued that the officers lacked probable cause or reasonable suspicion to justify the stop. The district court held a hearing at which Householder and Tyndall testified about the stop; Pierce did not call any witnesses. After hearing arguments from attorneys for Pierce and the Government, the district court denied the motion to suppress. The court, citing the officers' training and experience, credited their testimony that they believed Pierce had made an illegal left turn by not turning into the lane nearest him, and determined that video and screenshots of the turn supported the officers' belief. The court concluded that the officers had an objective basis for making the stop.

Pierce's only argument on appeal is based on his ill-founded belief that Householder admitted he stopped Pierce for an illegal lane change. The district court believed the officers' testimony that they saw Pierce make what they believed to be an illegal left turn, and we disturb such credibility determinations only upon a showing of clear error. *See United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016); *United States*

2

*v. McGee*, 736 F.3d 263, 269-71 (4th Cir. 2013). Pierce has not made the necessary showing because the hearing transcript makes plain that Householder consistently cited Pierce's illegal left turn as the reason for the traffic stop. Moreover, Pierce takes no issue on appeal with Tyndall, who also testified that he saw Pierce make an illegal turn that led to the traffic stop. As a result, Pierce's argument that the officers lacked probable cause to stop him for illegally changing lanes collapses. Undisturbed is the district court's conclusion that the officers had probable cause to stop Pierce for an illegal left turn; that conclusion justifies the denial of the motion to suppress.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*